FRUGÉ, Judge.
This is an action to annul the nuncupa-tive testament by private act of Sidney Guillory. The plaintiffs are the brothers and sister of the decedent. The defendant is the universal legatee of the decedent, to whom the decedent was married at one time, but from whom decedent had been divorced for several years.
The plaintiffs-appellants attacked the probated will on the ground that at the time the will was executed, the decedent was mentally and physically incapable of executing his last will and testament. An additional ground urged in attacking the will was that it was not proper in form. Following a trial on the merits, and upon written reasons assigned, the trial court rendered judgment in favor of the defendant dismissing the plaintiffs’ suit at their costs.
Following the rendition of judgment, plaintiffs perfected the instant appeal and urged that the trial court erred in failing to find that the decedent, Sidney Guillory, was mentally and physically incapable of making a will at the time he executed his last will and testament, or that the will was void for lack of proper form. We affirm the judgment of the trial court.
It is well settled in our law that the person bringing an action to set aside a will because of lack of testamentary capacity has the burden of proving the incompetency of the deceased at the time of the making of the will. Testamentary capacity is always presumed. This rule was clearly enunciated in Succession of Mithoff, 168 La. 624, 122 So. 886, 887 (1929).
“Testamentary capacity is always presumed. In other words, every person is considered under the law to be of sound mind, and this presumption continues until destroyed by cogent, satisfactory, and convincing evidence. The degree of *126 proof required to overcome the presumption of sanity and mental disposing capacity may be likened to that required in criminal cases to rebut and overcome the presumption of innocence which the law creates in favor of a person on trial for a crime.”
See also: Succession of Schmidt, 219 La. 675, 53 So.2d 834 (1951); Succession of Guidry, 160 So.2d 759 (La.App.3rd Cir., 1964).
Evidence was adduced at the trial of this case, and various witnesses, including the physician who treated the deceased during his last illness, testified that the deceased was not always fully aware of what was going on around him. Appellants argue that the evidence adduced clearly indicates that the deceased was not lucid and that he could not have been lucid at the time he executed his last will and testament. The trial judge concluded, however, that the evidence adduced at the trial was insufficient to support the burden of proof required of the petitioners. We find no error in that determination.
The deceased was not interdicted at the time of the execution of this will and, under these circumstances, it is not enough for the parties seeking to set aside the will to introduce some evidence tending to show that the deceased acted irrationally, or displayed irrational behavioral patterns at times prior to the making of the will. It is incumbent upon the parties seeking to set aside the testament to destroy the presumption of testamentary capacity “by cogent, satisfactory, and convincing evidence.” The evidence in this case fails to establish that at the time when Sidney Guillory executed this testament, he lacked testamentary capacity.
Appellants urge that the will in question is not valid for the reasons that the attorney, Mr. (now Judge) Mouser, read the will to Sidney Guillory, and then someone else translated into French for Sidney Guillory to understand. The evidence in this case fails to establish that fact. Judge Mouser, at that time an attorney, who prepared the will testified that he first determined whether Sidney Guil-lory understood English, since in that area of the parish some persons spoke French only. He apparently went through some pains to determine that Mr. Guillory knew English well, and that he could understand and speak the English language. He then determined to his satisfaction that the testator was rational and understood what was going on. He further determined that Mr. Guillory wanted to donate all of his property to the defendant. Two other witnesses, who were there at the time, also testified to these facts.
Although apparently some French was being spoken in the room, and there is some testimony that the will was translated, in reading the will to the testator, from English into French, the preponderance of the evidence indicates that the testator knew and understood the English language. As the will was read to him in English, after each phrase or sentence he was asked if that was his will, and he replied, “Yes.” Following this reading, the will was then presented to the witnesses for their signatures, after the testator had made his mark. We think the procedure involved satisfied the required formality for nuncupative wills by private act. See: Succession of Bush, 223 La. 1008, 67 So.2d 573 (1953).
Under Article 1582, a nuncupative testament by private act is subject to no other formality than that prescribed by Articles 1581 and 1582 of our Civil Code. This will was probated on May 20, 1969, and the suit seeking to set aside the will was filed on October 13, 1969. Article 2932 of the Code of Civil Procedure states that:
“The plaintiff in an action to annul a probated testament has the burden of proving the invalidity thereof, unless the action was instituted within three months of the date the testament was probated. In the latter event, the defendants have the burden of proving the authenticity *127 of the testament, and its compliance with all the formal requirements of the law.”
This will was attacked more than three months after the probate of the will. We think the petitioners in the instant case failed to carry the burden of proof imposed upon them by the above-quoted article. The proof adduced here was not sufficient, but rather preponderates in favor of a holding that the will was valid in form.
We think the appellants have failed to carry the burden of proving either that the testator did not have testamentary capacity at the time of the making of this will, or that the will failed to comply with the required formalities of the law.
For these reasons, the judgment of the District Court is affirmed. All costs are to be paid by the appellants.
Affirmed.