HEARD, Judge.
This is an appeal from a judgment of the trial court holding that the statutory will of Hezekiah Smith, dated August 30, 1971, is his last will and testament.
Hezekiah Smith died on September 3, 1971 in Caddo Parish, Louisiana. On September 7, 1971 Jerome T. Powell petitioned the court to probate Smith’s statutory will dated July 23, 1971 naming him testamentary legatee and executor. There being no objection the court proceeded and an ex parte probate of this will was confected.
On September 10, 1971 Theresa Smith Bradford and Rosie Mae Harris petitioned the court to probate a statutory will of Hezekiah Smith, dated August 30, 1971. This will was also probated.
On September 20, 1971 Jerome T. Powell filed a suit against Theresa Bradford and Rosie Mae Harris to have the August 30, 1971 testament annulled on the grounds that (A) said instrument was not confected and executed by Hezekiah Smith in the presence of the witnesses and the Notary Public in the presence of each other; (B) the purported testator did not, at the time of executing said instrument, have the mental capacity to unnderstand what he was doing or to make a last will and testament, being at that time senile and of unsound mind; and (C) deceased was blind at the time of making and executing said purported will and hence it is not valid as a statutory will authorized by LSA-R.S. 9:2443.
It was alleged that Hezekiah Smith was a patient at P & S Hospital in Shreveport from August 18, 1971 to August 27, 1971 and was admitted to Confederate Memorial Hospital in Shreveport on August 31, 1971 and died there on September 3, 1971.
On September 23, 1971 Theresa Smith Bradford and Rosie Mae Harris filed suit against Jerome T. Powell to have the testament dated July 23, 1971 annulled. Plain *681 tiffs alleged in their petition that Hezekiah Smith had made a prior will on February 11, 1970 and prayed that this will be ordered for probate. Plaintiffs prayed that the will dated July 23, 1971 be declared null, and further, that should the will dated August 30, 1971 be declared null, then the will of February 11, 1970 should be ordered probated and Theresa Smith Bradford and Rosie Mae Harris be recognized as the sole legatees of Hezekiah Smith.
The suits were consolidated for purposes of trial. After trial, the court found that Hezekiah Smith had the mental capacity to confect a will, was not blind at the time the August 30, 1971 will was confected, and that said will was Smith’s last will and testament. From this adverse judgment Jerome T. Powell perfected a devolutive appeal.
Appellant assigns as error the district court’s failure to annul the will dated August 30, 1971 on the ground that the deceased was unable to read at the time of its making. LSA-R.S. 9:2443 provides:
“Except as provided in R.S. 9:2442 with respect to a testator who is physically unable to sign his name, those who know not how or are not able to sign their names, and those who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442, nor be attesting witnesses thereto . . .”
It is settled jurisprudence that testamentary capacity is always presumed and thus a presumption exists in favor of the validity of the will. Succession of Schmidt, 219 La. 675, 53 So.2d 834 (1951); Succession of Guidry, La.App., 160 So.2d 759 (3d Cir. 1964); Succession of Lambert, 185 La. 416, 169 So. 453 (1936); Succession of Mithoff, 168 La. 624, 122 So. 886 (1929).
 It was pointed out by the court in Guidry v. Hardy, La.App., 254 So.2d 675 (3d Cir. 1971) that the burden of proving lack of testamentary capacity at the time the will was executed is upon the party alleging it. McCarty v. Trichel, 217 La. 444, 46 So. 2d 621 (1950); Condon v. McCormick, La. App., 134 So.2d 619 (3d Cir. 1961); Lewis v. Dejean, La.App., 251 So.2d 124 (3d Cir. 1971). The court further stated that the degree of proof required to overcome the presumption of testamentary capacity is similar to that required in criminal cases to rebut and overcome the presumption of innocence which the law creates in favor of a person who is on trial for a crime. Succession of Mithoff, supra; Succession of Guidry, supra; Succession of Lambert, supra.
The trial court found as a fact that the testator Hezekiah Smith had the mental capacity to confect the will of August 30, 1971 and was capable of reading at the time of its confection.
The testimony of the witnesses was that although his eyesight was failing shortly before his death, at the time of the confection of the will he could see well enough to get around in his house and in his hospital room. He could see well enough to sign his name properly on the designated line of the will.
The testimony is clear that appellant has failed to bear the burden of proof required to annul the will.
We find no manifest error in the trial court’s ruling.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.