BOLIN, Judge.
Katherine Mabel Patterson McDonald Blakesley, also known as Katherine Blakes-ley Gore, died in Bossier Parish on November 17, 1973. She left a last will and testament in statutory form dated September 12, 1973. This will, concededly valid as to form, was admitted to probate. According to the terms of the will the testatrix bequeathed two-thirds of her estate to Martha Elizabeth Henry and the remaining one-third to her adopted son and sole heir, Paul Avery Blakesley. During the probate proceedings Paul Blakesley intervened seeking to invalidate the will on the grounds that the testatrix was not of sound mind at the time of the confection of the will. From judgment rejecting intervenor’s demands and upholding the validity of the will, intervenor appeals. We affirm.
The only issue on appeal is whether the intervenor bore the burden of proving the testatrix was of unsound mind at the time the will was confected to the degree necessary in order to invalidate the will.
Intervenor presented the testimony of a psychiatrist, a general practitioner, and a psychologist. Intervenor also offered the testimony of several lay witnesses. In his written reasons for judgment the district judge reviewed the testimony of most of these witnesses. Testifying for defendant was a medical doctor and several lay witnesses. The trial judge likewise reviewed and commented upon the testimony of these witnesses. After setting forth his appreciation of the evidence and the law, the district judge made the following finding:
“In this case, the Court is of the opinion that while the evidence of incapacity is strong, it nevertheless is not so positive as to overcome the equally strong evidence that testatrix possessed testamentary capacity at the time she executed the will. Stated another way, conceding arguendo that the evidence shows habitual insanity as alleged by the inter-venor, the Court is of the opinion that the evidence also establishes that at the time of the execution of the will, testatrix was lucid to the extent that she possessed testamentary capacity.”
Our learned brother below also correctly stated that testamentary capacity is presumed and the burden of proving lack of such capacity at the time of the confection of the will is upon the party attacking the validity of the will. Cited in support of this principle of law were: Succession of Smith, 261 So.2d 679 (La.App.2nd Cir. *927 1972); Succession of Bisso, 186 So.2d 692 (La.App.4th Cir. 1966); McCarty v. Trichel, 217 La. 444, 46 So.2d 621 (1950).
The degree of proof required to overcome the presumption of testamentary capacity has been likened to that required in criminal cases to overcome the presumption of innocence. Succession of Mithoff, 168 La. 624, 122 So. 886 (1929); Succession of Lambert, 185 La. 416, 169 So. 453 (1936); Succession of Herson, 127 So.2d 61 (La.App.1st Cir. 1961).
Being in accord with' the conclusions of the trial judge that intervenor failed to establish that testatrix was of unsound mind at the time of the confection of the will, the judgment of the lower court is affirmed at appellant’s costs.