375 So.2d 148 (1979)
In re Succession of Emma DUNBAR, Deceased.
Lulu M. BROWN, Plaintiff-Appellee,
v.
Willie DUNBAR, Jr., Defendant-Appellant.
No. 13879.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
Writ Refused November 1, 1979.
Baker, Culpepper & Brunwon by Bobby L. Culpepper and J. M. McDonald, Jonesboro, for defendant-appellant.
Walker, Holstead & Smith by R. Wayne Smith, Ruston, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
The legatee of decedent's 1975 will appeals from a judgment that declared the 1975 will revoked by decedent's later will, made in 1977, and that ordered the 1977 will admitted to probate.
The issue is decedent's testamentary capacity when the 1977 will was executed. We affirm.
Testamentary capacity is always presumed. Succession of Patterson, 329 So.2d 925 (La.App.2d Cir. 1976). The burden of overcoming the presumption is great and has been likened to the burden of the *149 state in criminal cases. Succession of Spatafora, 239 La. 326, 118 So.2d 427 (1960). Capacity is essentially a factual issue and the finding of the trial court is not usually disturbed in the absence of manifest or clear error. Succession of Smith, 261 So.2d 679 (La.App.2d Cir. 1972).
In excellent and comprehensive reasons for judgment the lower court accurately stated the law and summarized the evidence. The appellant's witnesses offered evidence from which it would have been inferred that when the decedent left Louisiana in 1976 to go to Kansas, she lacked testamentary capacity. Appellant's witnesses did not directly contradict the proponent's evidence that showed the decedent exhibited the required capacity at the time she executed the will in 1977, which is when capacity is to be determined. Cormeier v. Myers, 223 La. 259, 65 So.2d 345 (1953).
We adopt the reasons of the trial court and, at appellant's cost,
AFFIRM.